**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 5 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAUL MOLINA DEOCAMPO, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 16-72298 <br> 19-70091 <br><br> Agency No. A031-252-889 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 1, 2019**

Before: McKEOWN and FRIEDLAND, Circuit Judges, and BOLTON,*** District
Judge.

Petitioner Raul Molina Deocampo ("Petitioner") is a native and citizen of

the Philippines. He petitions for review of a Board of Immigration Appeals

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

("BIA") decision denying his motion to reopen and terminate his removal proceedings based on the Supreme Court's holding in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018).[1] Additionally, although a stay of removal is already in effect, Petitioner again moves the Court to stay his removal.

On February 7, 2019, the Government ("Respondent") filed three motions in response to Petitioner's petition for review: (1) to consolidate the petitions for review in Nos. 19-70091 and 16-72298, as required by the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252(b)(6); (2) to summarily deny the petition for review in No. 19-70091 under Ninth Circuit Rule 3-6(b) because Petitioner's position has been foreclosed by this Court's opinion in *Karingithi v. Whitaker*, 913 F.3d 1158, 1160 (9th Cir. 2019); and (3) to suspend filing deadlines where further filings would be futile. On February 19, 2019, Petitioner filed his Response in Opposition to Respondent's Motion for Summary Disposition, and moved for his petition for review in No. 19-70091 to "be heard by the [C]ourt *en banc* pursuant to Rule 35 of the Federal Rules of Appellate Procedure."[2] On March 1, 2019, the Court granted Respondent's motions to consolidate and suspend filing deadlines.

We have reviewed the record and Petitioner's filings in this Court, including

---

[1] This is Petitioner's second petition for review, originally filed under No. 19-70091. We address the first petition for review (in No. 16-72298) in a separate memorandum disposition filed contemporaneously with this memorandum disposition. The Court previously consolidated both cases.

[2] Petitioner's Rule 35 request for en banc review is premature.

Petitioner's Opposition. This petition for review is appropriate for summary disposition under Ninth Circuit Rule 3-6 because Petitioner's argument is foreclosed by Ninth Circuit authority. *See United States v. Hooton*, 693 F.2d 857, 858 (9th Cir. 1982) (per curiam) (setting standard). Deocampo's petition for review is denied.

Petitioner's argument that the notice to appear (NTA) that commenced his removal proceeding was insufficiently detailed to vest jurisdiction has already been rejected in *Karingithi*. *See* 913 F.3d at 1160. In *Karingithi*, the Court explained that jurisdiction vests in the Immigration Judge ("IJ") when a charging document, such as an NTA, is filed with the Immigration Court. *Id.* at 1159–60 (citing 8 C.F.R. §§ 1003.13, 1003.14(a)). While 8 C.F.R. § 1003.15(b) details the specific information than an NTA must contain in order to properly vest jurisdiction in the IJ, "the regulation does not require that the time and date of proceedings appear in the initial notice." *Id.* at 1160; *see* 8 C.F.R. § 1003.15(b). Instead, "the regulation compels inclusion of such information *where practicable*." *Karingithi*, 913 F.3d at 1160 (citation and quotation omitted).[3] If "the time, place and date of the initial removal hearing" are not included in the NTA, the Immigration Court is "responsible for scheduling . . . and providing notice to . . . the alien of the time,

---

[3] Although *Karingithi* did not consider "place," 8 C.F.R. § 1003.18 lists "place" alongside "time" and "date" as information that can be included "where practicable." 8 C.F.R. § 1003.18.

place, and date of [the] hearing." 8 C.F.R. § 1003.18(b).

Petitioner's attempts to frame *Karingithi* as a misreading of the Supreme Court's holding in *Pereira* are unpersuasive.[4]  In *Pereira*, the Supreme Court was extremely careful to confine its holding to the very narrow statutory intersection between 8 U.S.C. § 1229b(d)(1)'s stop-time rule and 8 U.S.C. § 1229(a)'s definition of an NTA.  138 S. Ct. at 2110.  Neither *Pereira* nor 8 U.S.C. § 1229 reference the jurisdictional question at issue in *Karingithi*.  *Karingithi*, 913 F. 3d at 1160–61.  Consequently, *Pereira* is inapplicable to the petition for review at issue.

The petition for review is **DENIED**.

---

[4] And, in any event, we are bound by *Karingithi*.  *See Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc) (holding that this court is bound by prior circuit authority unless it is clearly irreconcilable with intervening higher authority).

4